UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                  Case No. 8:25-cr-379-TPB-AAS

ALFREDO JAVIER FUENTES

_____ /

## ORDER

In December 2025, Dr. Michelle Ayala-Feliciano evaluated the defendant's competency. (Sealed Doc. 71). Subsequently, defense counsel moved for a judicial determination of his competency. (Doc. 73). The motion also requested that the defendant be permitted to "remain here in the community with his family for purposes of restoring his competency and determining whether he may be restored to competency in the future." (*Id.* at p. 2). The government did not oppose Dr. Ayala-Feliciano's competency evaluation and findings, but did oppose the defendant's request to remain here in the community for competency restoration. (Doc. 75).

On February 9, 2026, the court held a hearing pursuant to 18 U.S.C. § 4241(c) & (d). (Doc. 84). At that hearing, the court set deadlines for the parties to further brief the issue of having the defendant remain here in the community for competency restoration. (*Id.*). The parties timely submitted supplemental briefs. (Docs. 94, 96).

In the defendant's supplemental brief, the defendant argues that because the Attorney General historically has abdicated her duty to select a suitable facility for restoration of an incompetent individual, the court must step in and designate a local facility for the defendant. (Doc. 94). The government counters that the statute and case law prohibit the court from granting the relief the defendant requests. (Doc. 96). The court held a hearing. (Doc. 97).

As an initial matter, neither the defendant (through counsel) nor the government object to Dr. Ayala-Feliciano's competency evaluation and findings, and so a formal competency evidentiary hearing pursuant to 18 U.S.C. § 4241(c) and (d) is not necessary. The court concludes that a preponderance of the evidence supports a finding that the defendant is presently suffering from a mental disease or defect, rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The parties dispute where the defendant should go for competency restoration. The statute instructs that "the court shall commit the defendant to the custody of the Attorney General" and "[t]he Attorney General shall

hospitalize the defendant for treatment in a suitable facility . . ..” 18 U.S.C. §
4241(d).

With the benefit of thorough briefing and oral argument, the court
concludes that “the statute is mandatory and [the court does] not have the
authority to circumvent the hospitalization.” *United States v. Donofrio*, 896
F.2d 1301, 1302 (11th Cir. 1990); *see also United States v. Chatman*, Case No.
8:20-cr-191-T-35TGW, 2020 WL 6801866, *2 (M.D. Fla. Nov. 19, 2020). As
succinctly stated in a more recent unpublished Eleventh Circuit opinion, “[a]
district court has no authority to circumvent the statutory mandate that a
person found mentally incompetent must be committed to the Attorney
General for hospitalization.” *United States v. Cobble¸* Case No. 17-10975, 724
F. App’x 753, 754 (11th Cir. 2018).

It is therefore **ORDERED**:

1. The defendant’s motion raising competency (Doc. 73) is **GRANTED
   in part and DENIED in part**. The motion is **GRANTED** to the
   extent that the court concludes the defendant is currently
   incompetent to proceed. The defendant’s request in his motion that
   this court order him to remain here in the community with his
   family for purposes of restoring his competency is **DENIED**.

2. On a date to be determined as set forth below, pursuant to 18 U.S.C. § 4241(d)(1), the defendant shall be committed to the custody of the Attorney General, for treatment in a suitability facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings in this case to go forward.

3. Once the designated facility has been determined, the government must promptly file a notice advising the defendant and the court of that facility and the date upon which the defendant is required to report there. Such date shall not be less than one (1) week from the date on which the defendant receives notification of the designated facility. A family member or trusted third party must thereafter transport the defendant to the designated facility on the date indicated. The defendant's failure to report to the designated facility on the specified date will be a violation of this order (and consequently a violation of pretrial release). The defendant must continue to wear his electronic monitoring unit until he surrenders himself to the designated facility, and the family member or trusted third party who transported the defendant (with the assistance of

defense counsel) must thereafter promptly deliver the electronic monitoring unit to Pretrial Services.

4. The director of the facility designated by the Attorney General shall report the defendant's status to the court within thirty (30) days of his arrival. If the director finds that the defendant requires additional evaluation and training beyond this thirty-day period, he or she shall so advise the court and thereafter provide an update as to the defendant's status every forty-five (45) days during the reasonable commitment period.

5. If the director of the facility in which the defendant is hospitalized determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of the court.

6. The director of the facility is ordered to send all reports to the undersigned, the Clerk of Court, the attorney for the defendant (stephen_consuegra@fd.org) and the assigned attorney for the government (jeffrey.chang@usdoj.gov).

7. The parties must furnish to the director of the designated facility any information that is relevant to the issue of the defendant's

competency, including a copy of Dr. Ayala-Feliciano's report, relevant medical records, the indictment, and any applicable law enforcement reports.

8. Upon the conclusion of the defendant's treatment at the designated facility, the defendant's family member or trusted third party must transport him from the designated facility back to his residence. Defense counsel must promptly contact Pretrial Services upon the defendant's completion of his treatment to arrange to have the electronic monitoring unit reconnected.

9. The court stays this order for a period of 14 days to allow the defendant to file any objection to the District Court. If the defendant objects to this order, then the order is further stayed until the District Court rules on the objection.

**ORDERED** at Tampa, Florida, on April 16, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge