**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                    **Case No. 8:25-cr-00379-TPB-AAS**

**ALFREDO JAVIER FUENTES**
_____/

### DEFENDANT'S MOTION OBJECTING AND
### APPEALING COMPETENCY ORDER

The Defendant, Alfredo Javier Fuentes, pursuant to the Fifth Amendment's

Due Process Clause and Fed. R. Crim. P. 59(a), objects to Magistrate Judge

Sansone's Competency Order and appeals the order to this Court. She

misapprehended the issues presented, which affected her conclusions and

findings of law regarding the Attorney General's statutory duty to conduct a

holistic evaluation of Mr. Fuentes to determine which facility is suitable for

competency restoration services. In support thereof he states and argues as

follows:

**FACTS**

On July 30, 2025, Mr. Fuentes was charged in a one-count indictment

alongside his mother, Mary Luz Vasquez Cruz, for aiding and abetting the

forcible assault of a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and 2.

Doc. 23. Mr. Fuentes's competency to stand trial was raised. Doc. 73. In October

1

2025, Dr. Michelle Ayala Feliciano evaluated Mr. Fuentes and determined that he's incompetent to stand trial and, based on his past trauma, that he should receive competency restoration services in the community. Sealed Doc. 69 at 7–10. The government stipulated to Dr. Ayala Feliciano's opinions. Doc. 75. at 1, 2. The government, however, opposed Mr. Fuentes's request to remain in the community, arguing that the Court must commit him to the Attorney General's ("AG") custody for competency restoration. *Id*.

After a hearing, the Court ordered supplemental briefing on the matter. Doc. 84. The parties briefed their respective positions, Docs. 94, 96, and the Court reconvened for a competency hearing on March 26, 2026, Doc. 97. After hearing argument, the Court issued its order, finding Mr. Fuentes incompetent to stand trial and that she lacked the authority to order community restoration, reasoning that commitment to the AG was mandatory under 18 U.S.C. § 4241(d)(1). Doc. 99 at 3–4. The Court stayed its order pending the appeal process in the district court. *Id*. at 6. This is the objections and appeal of that order.

## ARGUMENTS AND OBJECTIONS

Before addressing the Magistrate Judge's findings, it's important to clarify that after a finding of incompetency, 18 U.S.C. § 4241(d)(1) sets up a 2-step process: (1) committing the defendant to the AG; and (2) evaluating the defendant to determine what's a suitable facility for competency restoration. No

2

one disputes Mr. Fuentes's commitment to the AG. Rather, he challenges step 2;

he contends that the AG is failing to perform his statutory duties by not

conducting an individualized assessment of Mr. Fuentes to determine which

facility he should go to; instead, sending every incompetent defendant to the

Bureau of Prisons. The Magistrate Judge misapprehended the issues presented in

her order, believing either that Mr. Fuentes was only challenging step one

and/or collapsing both steps together. *See id.* at 2–3; *contra* Doc. 94 at 3–21. This

misapprehension led the Magistrate Judge to believe that *United States v.*

*Donofrio*, 896 F.2d 1301 (11th Cir. 1990) was dispositive. Doc. 99 at 3.

In *Donofrio*, James Donofrio argued that "any period of commitment [wa]s

unreasonable . . . because he [would] never attain the capacity to permit trial to

proceed." 896 F.2d at 1302. The Eleventh Circuit held that "he must be

committed to the Attorney General for hospitalization" and that the statutory

limit of four months ensured that the "*period*" of commitment—not the *manner* of

commitment—was reasonable. *Id.* at 1303 (emphasis added). The Eleventh

Circuit's holding has no bearing on the case before the Court.

Mr. Fuentes does not contend that he shouldn't be committed to the

custody of the AG, nor does he challenge the period of commitment. Instead, he

challenges the manner of commitment and what the AG does after he is

committed to the AG's custody. *See* Doc. 94 at 2–3, 20–21. Or in other words,

3

*Donofrio* addressed a challenge to step 1, whereas Mr. Fuentes is challenging what happens at step 2. *See id.*; *Donofrio*, 896 F.2d at 1302-03. Accordingly, *Donofrio* isn't dispositive (or frankly even instructive) because this question wasn't brought to the attention of the court or ruled upon. *See Webster v. Fall*, 266 U.S. 507, 511 (1924) (holding that "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

Mr. Fuentes is not challenging the period of confinement. He's challenging the manner of his confinement. Principally, his overarching position is that the Court can and must step in under Article III and in accordance with *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024) to ensure that the AG is complying with his statutory duty. The AG must conduct an individualized assessment for each and every incompetent defendant to determine which facility is suitable for them for competency restoration. Doc. 94 at 7–10. The AG is failing to carry out his statutory duty, requiring this Court's intervention. Failing to hold the AG's feet to the fire would be an abdication of this Court's Article III duties. By failing to act, Mr. Fuentes's due process rights are violated. *See id.* at 11-17. What's more, the AG's blanket determination that every incompetent defendant goes to the BOP is at odds with anti-discrimination laws. *Id.* at 17-20. The Magistrate Judge didn't address or engage with any of those arguments.

4

### CONCLUSION

In sum, the order didn't address Mr. Fuentes's grievances; namely, the manner of his confinement and the AG's failure to execute his statutory duties owed to incompetent defendants. The AG is consistently refusing to execute his statutory duties in first evaluating and *then* selecting a suitable facility for each individual defendant. This Court can and should reject the Magistrate Judge's conclusions of law and grant Mr. Fuentes's request for the Court to intercede under its Article III powers. The Court should either order the AG to conduct the proper evaluation pursuant to Chapter 313, adopt (as the government has) Dr. Ayala's findings that community-based restoration is the most suitable for Mr. Fuentes's special needs, or conduct its own evaluation that would likely be in line with Dr. Ayala's opinions.

Respectfully submitted,

Charles L. Pritchard, Jr.
Federal Defender

*/s/ Stephen Consuegra*
Assistant Federal Defender
Florida Bar No. 105816
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 228-2715
Fax: (813) 228-2562
E-mail: Stephen_Consuegra@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I HEARBY CERTIFY that on April 30, 2026, a true and correct copy of the

foregoing was furnished by the CM/ECF system with the Clerk of the Court,

which will send a notice of the electronic filing to the following:

AUSA Jeffrey Chang.


/s/ Stephen Consuegra
Stephen Consuegra
Assistant Federal Defender