**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                              Case No. 8:21-cr-379-TPB-AAS

ALFREDO JAVIER FUENTES,

　　Defendant.
_____/

## ORDER OVERRULING OBJECTION TO COMPETENCY ORDER

This matter is before the Court on "Defendant's Motion Objecting and
Appealing Competency Order," filed by counsel on April 30, 2026.  (Doc. 101).
Defendant Alfredo Javier Fuentes objects in part to United States Magistrate Judge
Amanda A. Sansone's competency order, which concludes that Defendant is not able
to remain in the community for competency restoration.[1]  (Doc. 99).  No
Government response is required.   Upon review of the court file and record, the
Court finds as follows:

Defendant has been charged in a one-count indictment alongside his mother,
Mary Luz Vasquez Cruz, for aiding and abetting the forcible assault of a federal
officer in violation of 18 U.S.C. § 111(a)(1) and (2) in connection with an
immigration arrest.  (Doc. 23).  It is alleged that during an encounter with law

---

[1] Neither Defendant (through counsel) nor the Government objects to the competency
evaluation and findings, and the magistrate judge's conclusion that Defendant "is presently
suffering from a mental disease or defect, rendering him mentally incompetent to the
extent that he is unable to understand the nature and consequences of the proceedings
against him or to assist properly in his defense."  (Doc. 99).

enforcement, Mary Luz Vasquez Cruz and Defendant exited a residence and placed themselves between federal agents and the target of the arrest, Marvin Isaac Caceres-Maradiaga, a Honduran citizen with a final order of removal who was believed to be unlawfully present in the United States.[2]  Cruz and Defendant ignored commands from the agents to back away, and then began assaulting the agents by pushing, shoving, and throwing punches.  The arrest target was able to flee into the residence, and from within, escape through a back window, evading arrest until a later date.

During these proceedings, Defendant's competency to stand trial was raised. (Doc. 73).  In October 2025, Dr. Michelle Ayala Feliciano evaluated Defendant and determined that he was incompetent to stand trial.  (Doc. 69).  She also believed that he should receive competency restoration services in the community.  (*Id.*). The Government stipulated to Dr. Ayala Feliciano's opinions but opposed Defendant's request to remain in the community, arguing that the Court must commit Defendant to the Attorney General's custody for competency restoration. (Doc. 75).

After a hearing, Judge Sansone ordered supplemental briefing on the matter, and the parties briefed their respective positions.  (Docs. 84; 94; 96).  The Court reconvened for a competency hearing on March 26, 2026.  (Doc. 97).  After the hearing, Judge Sansone determined that Defendant was incompetent to stand trial, but that she lacked the authority to order community restoration because

---

[2] In a post-*Miranda* interview, Defendant stated that Cruz is his mother, and that she is married to the target of the immigration arrest.

commitment to the Attorney General was mandatory.  (Doc. 99).  Judge Sansone stayed her order pending the objection process in the district court.  (*Id.*)

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions.  28 U.S.C. § 636(b)(1)(A).  A party may file objections to a magistrate judge's order on a non-dispositive pretrial matter within fourteen days after service of the order.  Fed. R. Crim. P. 59(a).  When objections are filed, the district court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."  *Id.*

After careful consideration of the record, the Court finds that Judge Sansone did not err in her findings, and the Court agrees with Judge Sansone's well-reasoned findings and conclusions.  As Judge Sansone correctly points out, the statute instructs that "the court shall commit the defendant to the custody of the Attorney General[,]" and that "[t]he Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . ."  (Doc. 99) (quoting 18 U.S.C. § 4241(d)).  Importantly, under binding Eleventh Circuit precedent, "[the] statute is mandatory and [the court does] not have the authority to circumvent the hospitalization."  *United States v. Donofrio*, 896 F.2d 1301, 1302 (11th Cir. 1990); *see also United States v. Chatman*, No. 8:20-cr-191-T-35TGW, 2020 WL 6801866, at *2 (M.D. Fla. Nov. 19, 2020).  More recent unpublished cases from the Eleventh Circuit further support this mandatory commitment requirement.  *See United*

*States v. Cobble*, 724 F. App'x 753, 754 (11th Cir. 2018) ("A district court has no authority to circumvent the statutory mandate that a person found mentally incompetent must be committed to the Attorney General for hospitalization.").

Judge Sansone's Order is not contrary to law or clearly erroneous. Defendant's objection is overruled, and Judge Sansone's April 16, 2026, Order remains the Order of the Court. Because the Court has now ruled on the objection, the stay of the April 16, 2026, Order is lifted.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of May, 2026.

_____

TOM BARBER
UNITED STATES DISTRICT JUDGE